IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2014

## GENE S. RUCKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 262241      Barry A. Steelman, Judge**

_____

**No. E2014-00405-CCA-R3-PC - Filed August 14, 2014**

_____

The Petitioner, Gene S. Rucker, was convicted of aggravated arson and criminally negligent homicide, for which he was sentenced to an effective sentence of twenty-two years. On direct appeal, this Court affirmed his convictions and sentence. *State v. Gene Shelton Rucker, Jr.*, No. E2002-02101-CCA-CCA-R3-CD, 2004 WL 2827004 (Tenn. Crim. App., at Knoxville, Dec. 9, 2004), *perm. app. denied* (Tenn. March 21, 2005). Subsequently the Petitioner filed a petition for post-conviction relief, which was denied on the grounds that it was time barred. This Court affirmed the post-conviction court's judgment denying relief. *Gene S. Rucker v. State*, No. E2007-00380-CCA-R3-PC, 2007 WL 2405133 (Tenn. Crim. App., at Knoxville, Aug. 24, 2007) *no Tenn. R. App. P. 11 app. filed*. On February 18, 2013, the Petitioner filed a motion to reopen his petition for post-conviction relief. The post-conviction court denied the motion to reopen, and the Petitioner appeals that decision. After a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and D. KELLY THOMAS, JR., J., joined.

Gene S. Rucker, pro se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and William H. Cox, III, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Background**
**A. Facts at Trial**

This case arises from the Petitioner's setting fire to his girlfriend's clothes inside their apartment, which caused the apartment building and an adjoining bar to burn down, killing one resident of the apartment building. *Rucker*, 2004 WL 2827004, at *1. On November 1, 2001, a Hamilton County jury convicted the Petitioner of aggravated arson and criminally negligent homicide. Because the only issue in this appeal involves the procedural requirements for post-conviction proceedings, we will not repeat the lengthy facts here.

## B. Post-Conviction Petition

After our supreme court denied the Petitioner's Rule 11 application for permission to appeal his convictions on March 21, 2005, the Petitioner filed a petition for post-conviction relief on December 6, 2006. Upon reviewing the petition, the post-conviction court concluded that it was time barred and dismissed the petition. This Court affirmed the post-conviction court's judgment. *Gene S. Rucker v. State*, No. E2007-00380-CCA-R3-PC, 2007 WL 2405133 (Tenn. Crim. App., at Knoxville, Aug. 24, 2007) *no Tenn. R. App. P. 11 app. filed*.

On February 18, 2013, the Petitioner filed a motion to reopen his post-conviction petition, claiming that he had received the ineffective assistance of counsel and that a recent decision by the United States Supreme Court in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) established a new rule of constitutional law for post-conviction relief that would retroactively apply to his ineffectiveness claim. The Petitioner subsequently amended his motion to include additional arguments related to his ineffectiveness claim. The Petitioner also filed a motion in abeyance, requesting that the post-conviction court place his motion to reopen in abeyance for ninety days, pending the outcome of another petition filed in federal court. The post-conviction court granted the Petitioner's motion in abeyance. On June 21, 2013, the post-conviction court issued an order denying the Petitioner's motion to reopen, concluding that *Martinez* did not entitle the Petitioner to reopen the post-conviction petition. The post-conviction court concluded that:

> The [P]etitioner's claim of ineffective assistance of counsel [was] untimely filed and therefore not potentially legitimate at the time of the original petition, [thus] even if *Martinez* establishes a new, retrospectively-applicable, constitutional right, it is inapplicable to this case.

Subsequently, the Petitioner filed additional pleadings requesting that the post-conviction court reconsider its decision and attempting to raise additional issues unrelated to this appeal. On October 31, 2013, the post-conviction court issued an order reiterating its denial of the Petitioner's motion to reopen and disposing of all additional issues. It is from that judgment

that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends: (1) that the post-conviction court abused its discretion when it denied his motion to reopen; (2) that the post-conviction court violated the Petitioner's due process right to "have his claim reviewed under the 'colorable' claim standard instead of the 'clear and convincing' standard; and (3) that the post-conviction court violated the Petitioner's constitutional right to due process and equal protection. The State responds that the Petitioner's appeal of the post-conviction court's summary dismissal of his motion to reopen is not properly before this Court and should therefore be dismissed. The State further contends that, even if the Petitioner's appeal were properly before this Court, the Petitioner would not be entitled to relief because *Martinez* has "limited application to those cases where post-conviction counsel failed to preserve claims on ineffective assistance of counsel."

The Post–Conviction Procedure Act sets forth narrow circumstances in which a petition for post-conviction relief may be reopened. The statute provides that a petitioner may only file a petition to reopen if:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

T.C.A. § 40-30-117(a)(1)-(3) (2010).

The post-conviction court found that the Petitioner's claims did not meet the criteria of Tennessee Code Annotated section 40-30-117 for reopening a previous petition. We agree with the post-conviction court that the Petitioner did not establish that his claims were based upon either a newly established constitutional right, new scientific evidence, or that his sentence was enhanced by invalid convictions. More specifically, we agree with the post-conviction court's conclusion that *Martinez* does not afford relief to the Petitioner. Thus, we conclude that the criteria necessary to reopen a previous petition were not present in the Petitioner's case and that the post-conviction court properly denied his motion to reopen his petition. *See* T.C.A. § 40-30-117. Accordingly, we affirm the judgment of the post-conviction court.

### III. Conclusion

Based upon the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE